Filed 6/22/16  Lee v. San Joaquin Delta Community College Dist. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| POR LEE,<br><br>        Plaintiff and Appellant,<br><br>        v.<br><br>SAN JOAQUIN DELTA COMMUNITY COLLEGE DISTRICT et al.,<br><br>        Defendants and Respondents. | C075234<br><br>(Super. Ct. No. 39-2009-00225139-CU-PO-STK) |

During a six-week basic swimming class offered by the San Joaquin Delta Community College District (District), appellant Por Lee learned to float and to swim well enough that he was allowed to swim at least once in the deep end of the pool before the fifth week of class.  During the fifth week of class, instructor Michael Maroney declared a free swim period when students were allowed to swim as they saw fit.  During the free swim, Lee nearly drowned when he and his friend tried to touch the bottom of a 13-foot-deep area of the pool.

1

Lee sued the District, Maroney, and Nick Fadden -- the lifeguard who pulled Lee to the surface. The defendants moved for summary judgment on grounds Lee's cause of action was barred by the doctrine of primary assumption of the risk. The trial court granted the motion for summary judgment and entered a judgment of dismissal.

On appeal, Lee contends (1) triable issues of material fact bar summary judgment even if the doctrine of primary assumption of the risk applies, (2) he has stated a viable cause of action for negligent undertaking, and (3) the trial court erroneously refused to consider the opinions of his expert regarding unreasonably unsafe conditions of the swim class.

We conclude the doctrine of primary assumption of risk applies to the activity of recreational swimming and bars Lee's claims for negligence. Lee has forfeited the contention regarding his expert's opinions by omitting any description of the opinion his expert offered. Accordingly, we affirm the judgment of dismissal.

FACTUAL AND PROCEDURAL HISTORY

Lee filed a complaint alleging a single cause of action for negligence against the District, Maroney, and Fadden. According to the complaint, defendants failed to properly supervise or monitor the swim class in which Lee nearly drowned.

Defendants moved for summary judgment on grounds the doctrine of primary assumption of the risk defeated Lee's cause of action for negligence. In support of the motion, defendants asserted the following as undisputed material facts: At the time of the incident, Lee was 19 years old and a student at the District. In the summer of 2008, Lee enrolled in a 6-week basic swimming class that met 4 days a week for 2 hours at a time. The class was taught by District employee Michael Maroney, who also acted as a swim coach and taught water polo. When Lee enrolled, he did not know how to swim.

2

During the class, Maroney taught students how to float and swim using freestyle by breathing when they turned their heads to the side. During the class, Lee learned to float with his face in the water, float on his back, and swim freestyle. During free swim periods, Lee practiced by swimming back and forth in the shallow end of the pool. By the time of the incident, Lee was able to swim approximately 25 yards across the short width of the pool without stopping or resting on the lane lines. Lee was allowed to lap swim and go into the deep end of the pool. Lee swam at least once in the deep end of the pool before the day of the incident.

Lee never refused to go into the deep part of the pool or ever told Maroney he was not comfortable in the water. Also, Lee never expressed any complaints about how Maroney conducted the swim class.

At the end of the fifth week of class, there was a free swim period during which Lee was allowed to swim as he saw fit. During the free swim, two lifeguards -- Nick Fadden and Paul Woodruff -- were present on the pool deck along with Maroney. The lifeguards were employed by the District. Fadden was stationed at the deep end of the pool and Woodruff at the shallow end.

Lee and his classmate and friend No-Ae Vang started swimming at the shallow end of the pool and worked their way over to a 9-foot deep section. Lee and Vang then moved to the 13-foot-deep section of the pool. Vang decided to try to touch the bottom of the pool with his feet and then spring up to the surface. Lee decided to join him. Lee and Vang went close to the bottom of the pool. Vang sprang to the surface and then saw Lee underwater moving his arms and legs. Vang did not call for help because he did not think Lee was in distress. Vang went underwater three more times before calling for help. Fadden quickly entered the pool and pulled Lee to the surface with the help of a student, Willard Maynard. Fadden towed Lee to the edge of the pool where Lee was pulled from the pool by Maroney. Lee was unconscious and bleeding. Maroney

administered rescue breaths and Lee began breathing. Lee was transported by ambulance to St. Joseph's Hospital and later by air ambulance to University of California at Davis Medical Center. Lee was subsequently discharged from the UC Davis Medical Center and is currently living in Stockton with his wife.

Lee opposed the motion for summary judgment on grounds the doctrine of primary assumption of the risk did not bar his claim for negligence. Lee reasoned Maroney and Fadden's undertaking to rescue Lee rendered them liable to the extent they did not use reasonable care. Lee asserted he was never able to swim more than one-third the distance of the 25-yard width of the pool without the aid of a float. Lee also alleged that at the time of the incident, Maroney was not looking at the pool or supervising his students. Instead, Maroney was working on his clipboard and computer. When Lee went underwater, Fadden was walking to the lifeguard office to retrieve something. By the time Lee was pulled to the surface, he had been underwater between one and three minutes.

Defendants filed a reply to the opposition to the motion for summary judgment. Defendants asserted Lee had not introduced any evidence to show Maroney or Fadden increased any risk inherent in the sport of swimming. Absent any evidence of reckless conduct by Maroney or Fadden, defendants argued summary judgment was proper.

The trial court granted the motion for summary judgment for defendants on the basis the doctrine of primary assumption of the risk applied to the activity of swimming. The trial court noted drowning is an inherent risk in the activity of swimming. And the court found defendants did nothing to increase the risks of swimming nor did they coerce Lee to attempt to swim beyond his abilities. Even if Lee could assert a cause of action for negligence, the trial court concluded he alleged no facts establishing a breach of any duty owed by the defendants. As a result, the trial court entered a judgment of dismissal.

4

Lee timely filed a notice of appeal.

## DISCUSSION

## I

### *Standard of Review*

As the California Supreme Court has explained, "A motion for summary judgment 'shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' (Code Civ. Proc., § 437c, subd. (c).) A defendant 'has met his or her burden of showing that a cause of action has no merit if that party has shown that one or more elements of the cause of action . . . cannot be established. . . .' (*Id*., subd. (p)(2).) Upon such a showing, 'the burden shifts to the plaintiff . . . to show that a triable issue of one or more material facts exists as to that cause of action. . . .' (*Ibid*.)

" 'On review of an order granting or denying summary judgment, we examine the facts presented to the trial court and determine their effect as a matter of law. . . . [D]efendant asserted, and the trial court found, that plaintiff's evidence failed to establish the "duty" element of plaintiff's cause of action for negligence. Duty, being a question of law, is particularly amenable to resolution by summary judgment.' (*Parsons v. Crown Disposal Co*. (1997) 15 Cal.4th 456, 464–465.)" (*Nalwa v. Cedar Fair, L.P*. (2012) 55 Cal.4th 1148, 1153-1154 (*Nalwa*).)

In this case, we consider whether the undisputed facts presented to the trial court supported the conclusion the doctrine of primary assumption of the risk barred Lee's negligence claim and compelled a judgment of dismissal.

## II

### *Primary Assumption of the Risk*

Lee contends the doctrine of primary assumption of the risk does not bar his claim for negligence because defendants undertook a duty to safeguard him during the basic swimming class. We disagree.

### A.

### *Swimming and the Doctrine of Primary Assumption of the Risk*

Participation in sports activities is generally subject to the doctrine of primary assumption of the risk. (*Knight v. Jewett* (1992) 3 Cal.4th 296, 315–316 (*Knight v. Jewett*).) As the California Supreme Court has explained, " 'Although persons generally owe a duty of due care not to cause an unreasonable risk of harm to others (Civ. Code, § 1714, subd. (a)), some activities -- and, specifically, many sports -- are inherently dangerous. Imposing a duty to mitigate those inherent dangers could alter the nature of the activity or inhibit vigorous participation.' (*Kahn v. East Side Union High School Dist.* (2003) 31 Cal.4th 990, 1003.) The primary assumption of risk doctrine, a rule of limited duty, developed to avoid such a chilling effect. (*Ibid.*; *Knight v. Jewett, supra*, 3 Cal.4th at p. 308.) Where the doctrine applies to a recreational activity, operators, instructors and participants in the activity owe other participants only the duty not to act so as to *increase* the risk of injury over that inherent in the activity. (*Avila v. Citrus Community College Dist.* (2006) 38 Cal.4th 148, 162; *Kahn*, at pp. 1004, 1006.)" (*Nalwa*, *supra*, 55 Cal.4th at p. 1154.) In other words, under the primary assumption of risk doctrine, "participants in and operators of certain activities have no duty of ordinary care to protect other participants from risks inherent in the activity." (*Nalwa,* at p. 1152.)

The doctrine of primary assumption of the risk applies broadly to competitive and noncompetitive sports activities. As the *Nalwa* court noted, case law has applied primary

assumption of the risk "to include physical but noncompetitive recreational activities (see *Moser v. Ratinoff* (2003) 105 Cal.App.4th 1211, 1221 [organized, noncompetitive group bicycle ride]; *Record v. Reason* (1999) 73 Cal.App.4th 472, 482 ['tubing,' i.e., riding an inner tube towed by a motor boat]) or by assessing the nature of a recreational activity without attempting to classify it as a sport or nonsport (see *Ferrari v. Grand Canyon Dories* (1995) 32 Cal.App.4th 248, 253–254, 38 Cal.Rptr.2d 65 [riding in commercially operated river raft].)" (*Nalwa, supra,* 55 Cal.4th at p. 1156.) In essence, the primary assumption of the risk doctrine recognizes that for some activities "the risk cannot be eliminated without altering the fundamental nature of the activity." (*Ibid.*)

Swimming is an activity with inherent risks. As one court recognized, "There are risks inherent in the sport of swimming, such as drowning, hitting the wall or pool floor, or colliding with another swimmer." (*Capri v. L.A. Fitness Intern., LLC* (2006) 136 Cal.App.4th 1078, 1088 (*Capri*).) Moreover, learning to swim carries additional risks arising out of lack of experience and ability in the water. Indeed, the process of learning to engage in many sports includes heightened risks arising out of undeveloped skills. Thus, cases "properly recognize that while a student is engaged in the process of learning, he or she frequently is at greater risk than a proficient athlete would be, and a coach does not have a duty to eliminate all the risks presented by inexperience." (*Kahn v. East Side Union High School Dist.* (2003) 31 Cal.4th 990, 1003, 1011 (*Kahn*).) For this reason, "[a] sports instructor may be found to have breached a duty of care to a student or athlete only if the instructor intentionally injures the student or engages in conduct that is reckless in the sense that it is 'totally outside the range of the ordinary activity' ([*Knight v. Jewett*, *supra*, 3 Cal.4th at p. 320]) involved in teaching or coaching the sport." (*Kahn,* at p. 996.)

Given swimming's inherent risks of drowning and injury by hitting the bottom of a swimming pool, we conclude the doctrine of primary assumption of the risk applies.

(*Nalwa, supra,* 55 Cal.4th at pp. 1156-1157; *Capri, supra,* 136 Cal.App.4th at p. 1088.) The risks of drowning are especially acute for inexperienced swimmers, but are risks that cannot be eliminated without changing the fundamental nature of being in water. We further conclude defendants are not liable for a breach of their duty of care to Lee unless the defendants engaged in *reckless conduct* that increased the dangers of swimming for Lee. (*Kahn*, *supra,* 31 Cal.4th at p. 996.) Based on this standard, we reject Lee's assertion he was "only required to prove that the Defendants' failure to use *reasonable care* increased the risks to him over and above those inherent in his participation in the basic swim class." (Italics added.) Under *Kahn*, the doctrine of primary assumption of the risk bars a negligence claim in the absence of proof of a defendant's reckless conduct. (*Kahn*, at p. 996; see also *Knight v. Jewett, supra,* 3 Cal.4th at p. 320.)

Lee presented no evidence defendants did anything to increase the risk of swimming for him. Instead, Lee assumed the risks of swimming in the deep end of the pool and trying to touch the bottom of the deep section. Although Lee faults Maroney and Fadden for being inattentive to his plight, he also asserts no fact showing they increased his risks in the water. In short, Lee alleges no fact that renders Maroney or Fadden's actions reckless.

Lee's claims against Maroney and Fadden are barred by primary assumption of the risk. Because Lee's claim against the District is based entirely on its status as Maroney and Fadden's employer, our conclusion that no action lies against Maroney and Fadden also compels the result he has no viable claim against the District. The trial court correctly concluded the doctrine of primary assumption of the risk bars Lee's claims against defendants.

8

**B.**

*Negligent Undertaking*

Lee contends he should be allowed to proceed with a claim for negligent undertaking because defendants accepted responsibility for safeguarding him as a basic swimming course student. Lee notes Fadden's very role was that of lifeguard for swimmers and Maroney undertook to teach students how to be safe in water. We reject the argument Lee may assert a cause of action for negligent undertaking.

Under the doctrine of negligent undertaking " ' "it is settled law that one 'who, having no initial duty to do so, undertakes to come to the aid of another the -- "good Samaritan" ' -- has 'a duty to exercise due care in performance and is liable if (a) his [or her] failure to exercise care increases the risk of such harm, or (b) the harm is suffered because of the other's reliance upon the undertaking.' (*Williams v. State of California* (1983) 34 Cal.3d 18, 23, citing Rest.2d Torts, § 323; see, e.g., *Coffee v. McDonnell–Douglas Corp.* (1972) 8 Cal.3d 551, 557 [same]; see also BAJI No. 4.45 ['A person who is under no duty to care for or render service to another but who voluntarily assumes such a duty, is liable to the other for injury caused by a failure to exercise ordinary or reasonable care in the performance of that assumed duty'].)" (*Artiglio v. Corning Inc*. (1998) 18 Cal.4th 604, 613.)

Here, the doctrine of primary assumption of risk applies to preclude a negligence undertaking cause of action. Lee's injury flowed directly from the inherent danger of the sport in which he was engaged. "The policy behind primary assumption of risk applies squarely to injuries from physical recreation, whether in sports or nonsport activities." (*Nalwa*, *supra*, 55 Cal.4th at p. 1157.)

Allowing Lee to proceed on a cause of action for negligent undertaking would run contrary to the "need to avoid chilling vigorous participation in or sponsorship of recreational activities by imposing a tort duty to eliminate or reduce the risks of harm

9

inherent in those activities.  It operates on the premise that imposing such a legal duty 'would work a basic alteration -- or cause abandonment' of the activity.  (*Kahn v. East Side Union High School Dist., supra*, 31 Cal.4th at p. 1003; see also *Shin v. Ahn* [(2007)] 42 Cal.4th [482,] 492, quoting *Dilger v. Moyles* (1997) 54 Cal.App.4th 1452, 1455, ['"Holding [golfers] liable for missed hits would only encourage lawsuits and deter players from enjoying the sport" ']; *Avila v. Citrus Community College Dist.* [(2006)]38 Cal.4th [148,] 165 [in baseball, recognizing tort liability for hitting the batter with a pitch would tend to deter throwing inside, an essential part of the sport]; *Ford v. Gouin* [(1992)] 3 Cal.4th [339,] 345 [imposing tort liability for negligence in towing water-skier might well chill participation and 'have a generally deleterious effect on the nature of the sport of waterskiing as a whole']; *Knight, supra*, 3 Cal.4th at p. 318 [doctrine avoids chilling vigorous participation in sport].)  The doctrine's parameters should be drawn according to that goal."  (*Nalwa*, *supra*, 55 Cal.4th at pp. 1156-1157.)

In sum, Lee's negligence claims are barred by the doctrine of primary assumption of the risk.

## II

### *Exclusion of Expert Opinion on the Question of Legal Duty*

Lee contends the trial court erred in excluding the opinion of his expert witness on water safety.  However, Lee's briefs on appeal do not describe any part of the opinion he asserts were wrongly excluded.  His argument lacks any factual analysis.  However, "[i]t is an established rule of appellate procedure that an appellant must present a factual analysis and legal authority on each point made or the argument may be deemed waived." (*People ex rel. Dept. of Alcoholic Beverage Control v. Miller Brewing Co.* (2002) 104 Cal.App.4th 1189, 1200.)  As this court has previously noted, "[w]e need not address points in appellate briefs that are unsupported by adequate factual or legal analysis." (*Placer County Local Agency Formation Com'n v. Nevada County Local Agency*

10

*Formation Com'n* (2006) 135 Cal.App.4th 793, 814.)  Lee has forfeited his contention that the trial court erroneously excluded the opinion of his expert witness.

DISPOSITION

The judgment is affirmed.  Respondents San Joaquin Delta Community College District, Michael Maroney, and Nick Fadden shall recover their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)


           /s/           

HOCH, J.

We concur:


         /s/        

BLEASE, Acting P. J.


         /s/        

BUTZ, J.